## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,    )
            )
      Plaintiff,    )
            )
vs.           )    Cr. No.: ___26-cr- 20056-/-TLP
            )
            )
LUIS CORDOVA,    )    FILED IN OPEN COURT
            )
      Defendant.    )    DATE: ___2/20/2026___

          **PLEA AGREEMENT** TIME: ___11:40 AM___

               INITIALS: _____

The parties herein, the defendant, Luis Cordova (hereinafter, Cordova), being represented by Lee Gerald, and the United States being represented by the United States Attorney for the Western District of Tennessee and Assistant United States Attorney William Bateman, enter into the following Plea Agreement.

1.    Cordova agrees to:

    (a)    waive his right to indictment by a grand jury;

    (b)    waive his right to trial by jury and all rights attached thereto;

    (c)    plead guilty to count 1 of the information in this case which charges him with escape in violation of Title 18, United States Code, Section 751(a) and count 2 of the information in this case which charges him with improper entry by an alien in violation of Title 8, United States Code, Section 1325(a)(2);

    (d)    waive his right to appeal his conviction and any aspect of the sentence imposed if the total sentence of imprisonment imposed is within or below the sentencing guideline range as determined by the Court;

    (e)    waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution;

    (f)    waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

1

(g) pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement including uncharged relevant conduct and conduct that is the subject of any dismissed counts with the understanding that any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

(h) pay the $35 mandatory assessment ($25 for count 1 and $10 for count 2) to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(i) within twenty-one days of the entry of the plea, return a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain Credit Reports;

(j) not to engage in any criminal conduct following entry of his guilty plea; and,

(k) that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The United States agrees:

(a) to recommend that Cordova receive the maximum applicable reduction for acceptance of responsibility provided that Cordova complies with all of his obligations under the terms of this plea agreement;

(b) to recommend a sentence at the low-end of the sentencing guideline range as calculated by the Court.

(c) to dismiss the indictment in case number 2:25-cr-20252-TLP at sentencing.

3. Pursuant to 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree that the enhancement at U.S.S.G. Section 2P1.1(b)(1) applies in this case.

4. Cordova acknowledges and understands that:

(a) except with respect to the agreement by the United States to seek a sentence at the low-end of the guideline range, he has not been promised a specific sentence;

(b) any estimate of the probable sentencing range he may have received from counsel, the government, or any other person/s, is a prediction not a

promise and is not binding on the Court and that if the Court imposes a sentence greater than he expects, he will not be afforded an opportunity to withdraw his plea;

(c)    the maximum possible penalty the Court may impose: as to Count 1 is a term of imprisonment of 1 year, a fine of $100,000, 1 years supervised release, and a mandatory assessment of $25.00; as to Count 2 is a term of imprisonment of 6 months, a fine of $5,000, 1 years supervised release, and a mandatory assessment of $10.00

(d)    any recommendations made by the United States under this agreement are not binding on the Court and that if the Court rejects any such recommendations he will not be allowed to withdraw his plea; and,

(e)    the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement specifically, the United States will be free to use any prior statements that may have been made by Cordova against him for any purpose, and will be free to seek the maximum sentence provided by law if:

    (1)    his plea of guilty is accepted and he later attempts to withdraw his plea for any reason other than the Court's rejection of the plea agreement;

    (2)    he engages in any new criminal conduct following entry of his guilty plea;

    or,

    (3)    he knowingly makes any false statements or testifies falsely at any future proceedings.

(f) Cordova recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Indeed, when an alien defendant pleads guilty to certain crimes, removal is presumptively mandatory or even automatic. Removal and other immigration consequences are the subject of a separate proceeding, however, and Cordova understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Cordova affirms that has discussed that there is the possibility of immigration consequences with his defense attorney and has been advised to seek separate immigration counsel. Cordova also affirms that he wants to plead guilty regardless of any immigration consequences that this guilty plea will entail, even if the consequence is his automatic removal from the United States.

5.     No threats have been made to induce Cordova to plead guilty.

6.     This Plea Agreement constitutes the entire agreement between the parties.


FOR THE UNITED STATES:

D. MICHAEL DUNAVANT
United States Attorney

By: _____          __2/20/26__
William C. Bateman III                                          Date
Assistant United States Attorney


_____          __2/20/24__
Lee Gerald                                                          Date
Attorney for Defendant


_____          _____
Luis Cordova                                                      Date
Defendant

4